IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CR-00087-F-1
No. 5:16-CV-00488-F

| | | |
|---|---|---|
| JAMARIELLE EQUWAN DARDEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on the Government's Motion to Dismiss [DE-59] Jamarielle Equwan Darden's pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-47]. The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons set forth below, the Government's Motion to Dismiss is ALLOWED and Darden's Motion to Vacate is DENIED.

## I. Factual and Procedural Background

On March 24, 2010, Darden was charged in a twenty-three count indictment. *See* Indictment [DE-14] In Counts One, Three, Five, Eight, Twelve, Fifteen, Seventeen, and Twenty-One, Darden was charged with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924. *See id.* Counts Two, Nine, Thirteen, and Nineteen charged Darden with distribution of five grams or more of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1). *See id.* In Count Four, Darden was charged with distribution of a quantity of cocaine base (crack) and a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1). *See id.* Darden was charged in Count Six with distribution of a quantity of cocaine base (crack), in

violation of 21 U.S.C. § 841(a)(1). *See id.* In Counts Seven, Ten, Fourteen, and Twenty, Darden was charged with possession of a firearm in further of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). *See id.* Darden was charged in Counts Eleven and Sixteen with possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B). *See id.* In Counts Eighteen and Twenty-Two, Darden was charged with distribution of a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1). *See id.* Finally, in Count Twenty-Three, Darden was charged with retaliating against a witness, victim, or an informant and aiding and abetting, in violation of 18 U.S.C. §§ 1315(b)(2) and 2. *Id.*

At Darden's arraignment, held on July 6, 2010, he pled guilty to Counts Nine and Ten, pursuant to a written plea agreement [DE-21]. The Government agreed that at sentencing, it would dismiss Counts One, Two, Three, Four, Five, Six, Seven, Eight, Eleven, Twelve, Thirteen, Fourteen, Fifteen, Sixteen, Seventeen, Eighteen, Nineteen, Twenty, Twenty-One, Twenty-Two, and Twenty-Three of the Indictment. *Id.* at 6.

Darden's sentencing was held on December 9, 2010. Darden was sentenced to a total of 185 months: 125 months' imprisonment on Count Nine and 60 months' imprisonment on Count Ten, to run consecutively. *See* Judgment [DE-25]. Darden was further sentenced to five years of supervised release on Count Nine and five years of supervised release on Count Ten, to run concurrently. *See id.* Darden was ordered to pay a fine in the amount of $9,600.00. *See id.* Darden did not file a direct appeal.

On June 22, 2016, Darden filed the instant motion pursuant to 28 U.S.C. § 2255 [DE-47]. Darden's sole claim is that in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), he is entitled to relief. Mot. Vacate [DE-47] at 4. Specifically, Darden argues that he "was charged

2

and sentenced under the framework of a statute which contains a residual clause which defines crime of violence as any offense that presents a serious potential risk of physical injury to another." *Id.* On September 2, 2016, the Government filed a Motion to Dismiss [DE-59] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that Darden has failed to state a claim upon which relief can be granted.

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved which is consistent with the complaint's allegations. *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180.

3

## III. Discussion

**Darden is not entitled to relief under *Johnson*.**

In *Johnson,* the Supreme Court addressed whether increasing a defendant's sentence based on the residual clause contained in 18 U.S.C. § 924(e)(2)(B)(ii) violates due process. 135 S. Ct. at 2551. The residual clause provided that an offense was a violent felony for purposes of § 924(e), if it "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The Supreme Court held that "[i]ncreasing a defendant's sentence under the [residual] clause denies due process of law." 135 S. Ct. at 2557. In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that *Johnson* applies retroactively to cases on collateral review. 136 S. Ct. 1268.

Darden's *Johnson* claim must fail because his offense level was not increased based on the residual clause of the Armed Career Criminal Act ("ACCA") or language similar to the residual clause of the ACCA. The record reflects that Darden was given a base offense level of twenty-six because he was found accountable for 2.2 grams of cocaine and 37.5 grams of cocaine base, which produces a marijuana equivalency of 134.35 kilograms, and results in a base offense level of 26. *See* PSR at 12, ¶ 52. Darden's base offense level was increased by two levels pursuant to U.S.S.G. § 3C1.1 based on the finding that he obstructed or impeded the administration of justice, or attempted to obstruct or impede the administration of justice. *Id.* ¶ 56. Darden's offense level was reduced by three levels for acceptance of responsibility, for a total offense level of twenty-five. *Id.* ¶¶ 59-60. Darden's criminal history category was determined to be V. *Id.* at 13 ¶ 61. Based on a total offense level of twenty-five and a criminal history category of V, the guideline range for imprisonment was 100-125 months. *Id.* ¶ 63.

4

As noted, Darden's base offense level was increased only pursuant to U.S.S.G. § 3C1.1. This offense level enhancement is not based on a crime of violence or any other definition analogous to the ACCA's residual clause. Moreover, even if *Johnson* applies retroactively on collateral review to the Guidelines[1], Darden's guideline range would not have changed because he was not sentenced as a career offender. *See* PSR at 12, ¶ 58. Finally, Darden's § 924(c) conviction, Count Ten, was based on drug trafficking. *See Rodriguez v United States*, Nos. 1:16CV00228-MR, 1:06CR00004-MR-1, 2016 WL 5402765, at *2 (W.D.N.C. Sept. 26, 2016) (holding that *Johnson* has no effect on § 924(c) convictions based on drug trafficking crimes); *United States v. Gibson*, No. 3:09-931-CMC, 2016 WL 4196657, at *2 (D.S.C. Aug. 9, 2016) (same). For all these reasons, *Johnson* does not offer Darden any relief.

## IV. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-59] is ALLOWED and Darden's Motion to Vacate [DE-47] is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2) (A certificate of appealability will not issue unless there has been "a substantial showing of the denial of a constitutional right."); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (Where a court has rejected the constitutional claims on their merits, a petitioner must demonstrate that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong, but

---

[1] On June 27, 2016, the Supreme granted certiorari in *Beckles v. United States*, 15-8544. The questions presented in *Beckles* include whether *Johnson* applies retroactively to collateral claims challenging sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2). *Beckles* is on the Supreme Court's argument calendar for November 28, 2016.

5

when a court denies relief on procedural grounds, a petitioner must demonstrate that jurists of reason would find it debatable whether the court's procedural ruling was correct.).

SO ORDERED.

This the 2 day of November, 2016.

                                          _James C. Fox_
                                          James C. Fox
                                          Senior United States District Judge